HERRMANN v. CENTRAL CAR-TRUST CO. et al.

(Circuit Court, S. D. New York. June 14, 1899.)

PLEDGES—RIGHTS OF PLEDGEE—ESTOPPEL.

A pledgee of bonds as secondary security, to make good any deficiency there may be after other security has been exhausted, by whose act or with whose consent the primary security has been rendered unavailable for payment of the debt, is estopped from claiming that the contingency will ever arise to entitle him to subject the pledge to its payment.

Final Hearing upon Pleadings and Proofs.

F. K. Pendleton, for complainant.
Howard A. Taylor, for defendants.

LACOMBE, Circuit Judge. Whatever defect of parties there may have been originally has been corrected by the appearance of the new railroad company. The original contract under which these bonds were pledged provides:

"If there is a default in the payment of any or all of the said lease warrants, the aforesaid rolling stock and equipment will be first sold to make good the said default, and the bonds hereby assigned and transferred shall be held as secondary security to make good any deficiency that may result after the said equipment has been realized upon."

By the action or with the assent of the pledgee or of those representing it the "said rolling stock" was not sold to make good the default, and the said property was put in such a position that any such sale was made impossible, and that no one could tell whether there was any "deficiency [resulting] after said equipment has been realized upon." The original pledgee and all claiming under its original contract are estopped from claiming that the contingency provided for has arisen or can ever arise, or that the 70 bonds may be availed of as secondary or as any other security, to make good a possible deficiency which defendants have made impossible of ascertainment. Decree for complainant, with costs.